David Chami (SBN 027585)
**PRICE LAW GROUP, APC**
5420 S. Lakeshore Dr., Suite 102
Tempe, AZ 85283
T: 800-884-6000
Fax: 866-612-5700
David@pricelawgroup.com

Attorneys for Plaintiff,
REBECCA CADDEN

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| REBECCA CADDEN<br><br>    Plaintiff,<br><br>vs.<br><br>DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1.  This is an action for actual and statutory damages brought by Plaintiff, Rebecca Cadden, an individual consumer, against Defendant, Diversified

Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff, Rebecca Cadden, is a consumer, a natural person allegedly obligated to pay any debt, residing in Maricopa County, in the state of Arizona. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant, Diversified Collection Services, Inc., is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts

COMPLAINT

alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one (1) year prior to the filing of this Complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment; namely an alleged federal student loan debt. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5).

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff on or around January of 2012.

9. Upon information and belief, on or around January 10, 2012, Defendant lied to and/or mislead Plaintiff by telling her that if her loans were able to be consolidated, Defendant had the ability to not allow them to be consolidated; Defendant does not possess said ability.

10. Within one (1) year preceding the date of this Complaint, Defendant,

in connection with the collection of the alleged debt, stated to Plaintiff that the Defendant could garnish Plaintiff's wages.

11. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

12. Defendant is a debt collection company and as a debt collection company attempting to collect a loan, Defendant can only refer the matter back to the creditor with a recommendation that they attempt garnishment.

13. Upon information and belief, Defendant overshadowed Plaintiff's right to dispute and/or seek validation of the alleged debt by making comments, within the first thirty days of initial communication to Plaintiff, demanding immediate payment without mentioning that she could first seek to dispute and/or receive validation of the alleged debt.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by both lying to and/or misleading Plaintiff.

15. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

16. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## V. **CLAIM FOR RELIEF**

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

17.    Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b)    Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

(c)    Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d)    Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(e)    Defendant violated *§1692e(4)* of the FDCPA by giving the false

representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Rebecca Cadden, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Rebecca Cadden, demands trial by jury in this action.

DATED: January 30, 2012

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP APC

By: _____
David Chami
Attorney for Plaintiff